

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-89,554-01

**EX PARTE RICKY LAMAR HAWTHORNE, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 20142-A IN THE 329TH DISTRICT COURT FROM WHARTON COUNTY

*Per curiam*.

**O R D E R**

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of cocaine possession, and he was sentenced to fifteen years' incarceration.

In his habeas application, Applicant raises several claims, including ineffective assistance of trial counsel for failing to challenge racial discrimination in the jury selection process, for failing to expose perjured testimony, and for failing to file a notice of appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Batson v. Kentucky*, 476 U.S. 79 (1986); *Ex parte Weinstein*, 421 S.W.3d 656 (Tex. Crim. App. 2014); *Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988); *Ex parte Riley*, 193

S.W.3d 900 (Tex. Crim. App. 2006). Applicant also complains that he was not afforded due process in the parole-review process. *Ex parte Geiken*, 28 S.W.3d 553 (Tex. Crim. App. 2000); *Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004). Applicant has alleged facts that, if true, might entitle him to relief. *Ex parte Patterson*, 993 S.W.2d 114 (Tex. Crim. App. 1999). There is no response from Applicant's trial counsel or the Parole Board, and there are no findings from the trial court. To resolve the claims, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance by explaining counsel's representation of Applicant, including applicable strategy and tactical decisions. The trial court shall also order the Texas Department of Criminal Justice's Office of the General Counsel to address whether Applicant was provided adequate due process. To obtain the responses, the trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law regarding the claims raised in the habeas application. The trial court may also make any other findings of fact and conclusions of law it deems relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or

deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: March 6, 2019
Do not publish